FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 2 3 2006

DAVID J. MALAND, CLERK
BY
DEPUTY

# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:06CR190 |
| | § | (Judge Schneider/Judge Bush |
| ANTHONY DAVID TEAGUE | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 28, 2006 to determine whether the Defendant violated his supervised release. The Defendant was represented by Robert Arrambide. The Government was represented by Maureen Smith.

On March 25, 2004, the Defendant was sentenced by the Honorable United States District Judge Robert C. Brack to 21 months imprisonment followed by a 3-year term of supervised release for the offense of Threat to Injure Person Through Interstate Communications. On October 8, 2004, Defendant began his supervised release.

On August 31, 2006, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision. The petition asserted that the Defendant violated the following conditions: (1) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five (5) days of each month; (2) Defendant shall answer truthfully all inquiries by the probation

officer and follow the instructions of the probation officer; (3) Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer; (4) Defendant shall notify the probation officer ten (10) days prior to any change in residence or employment; and (5) Defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, residential placement, or prescribed medication as approved by the probation officer.

The petition alleges that the Defendant committed the following acts: (1) On April 4, June 28, and July 14, 2006, Defendant failed to report to the U.S. Probation Office as directed; (2) On May 8, 10, 12, and 15, 2006, Defendant failed to answer truthfully inquiries by the probation officer referencing his employment status by reporting he was still employed at Salt Grass Steakhouse; (3) Defendant has failed to obtain full time legitimate employment since October 8, 2004, and throughout his term of supervised release; (4) Defendant failed to accurately report his employment status with Salt Grass Steakhouse, as Probation called the restaurant and learned that Defendant was terminated from his job for abandonment on May 8, 2006; and (5) Defendant failed to attend mental health treatment as scheduled on December 20, 2004, April 28, May 26, and December 22, 2005, and January 16, 2006.

Prior to the Government putting on its case, the Defendant entered a plea of true to the above listed violations except violation 5, failing to attend mental health

treatment as scheduled. The government did not further pursue this violation. At the hearing, the Court recommended that the Defendant's supervised release be revoked.

### RECOMMENDATION

The Court recommends that the District Court revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with no supervised release to follow.

Signed this _____ 2 _____ day of October, 2006.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE